UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **NIKI MOTLAGH,**<br><br>               **Plaintiff,**<br><br>v.<br><br>**ALEN GIBIC,**<br><br>               **Defendant.** | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:22-cv-00635<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

Pro se Plaintiff Niki Motlagh, proceeding *in forma pauperis*,[1] filed this 42 U.S.C. § 1983 action against Alen Gibic who Plaintiff identifies as a police officer for the Salt Lake City Police Department.[2] For the reasons explained below, the court ORDERS Motlagh to file an amended complaint no later than **November 21, 2022**.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."[3] In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]

---

[1] ECF No. 6, Order granting Motion for Leave to Proceed *In Forma Pauperis*.

[2] ECF No. 7, Plaintiff's Complaint.

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

1

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[5] The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[6] However, the court need not accept plaintiff's conclusory allegations as true.[7] "[A] plaintiff must offer specific factual allegations to support each claim."[8] A complaint is frivolous where "it lacks an arguable basis either in law or in fact."[9]

Because Motlagh proceeds pro se, the filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[10] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[11] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[12] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

---

[5] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[6] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[9] *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x. 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[10] *Hall*, 935 F.2d at 1110.

[11] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[12] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

construction, or his unfamiliarity with pleading requirements,"[13] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]

## ANALYSIS

Motlagh alleges Salt Lake City Police Officer Alen Gibic improperly charged Plaintiff with trespass and refused to enforce a court order that allowed Plaintiff to collect mail and other personal property from Motlagh's apartment.[15] Motlagh was forced to file a lawsuit against the landlord and appeal a protective order and, by the time Plaintiff was finally able to enter the apartment, the personal property was "long destroyed, lost or stolen."[16]

Motlagh brings causes of action against Officer Gibic for violation of Plaintiff's Fifth and Fourteenth amendment rights under section 1983.[17] Section 1983 imposes civil liability upon any person who, acting under color of state law, deprives another of their federally protected rights.[18] Section 1983 does not confer substantive rights, but serves as a vehicle for vindicating rights secured by the United States Constitution or federal statutes.[19] To state a claim under section 1983, Plaintiff must allege a deprivation of a federally protected right committed by a person acting under color of state law.[20]

---

[13] *Hall*, 935 F.2d at 1110.

[14] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[15] ECF No. 7 at 4, Plaintiff's Complaint.

[16] *Id.*

[17] *Id.* at 3.

[18] 42 U.S.C. § 1983.

[19] *Maher v. Gagne,* 448 U.S. 122, 129 n. 11, 100 S. Ct. 2570, 65 L. Ed. 2d 653 (1980).

[20] *West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Plaintiff sues Officer Gibic in his official capacity.[21] Because official capacity suits seek liability of a government entity, a claim against an individual defendant in their official capacity simply represents another "way of pleading an action against an entity of which an officer is an agent."[22] Indeed, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[23] Here, Plaintiff has not sued Salt Lake City[24] or identified "any policy or custom implemented by [Salt Lake City] that is linked to h[er] alleged injuries and [that] was implemented by a person with policy-making authority."[25] Indeed, a municipality

> may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff. Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.[26]

---

[21] ECF No. 7 at 2, Plaintiff's Complaint.

[22] *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (citing *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611) (1978)).

[23] *Id.* at 166.

[24] Generally, governmental sub-units such as police departments, "are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis,* 362 F. App'x. 904, 907 (10th Cir. 2010); *Keilbaugh v. Salt Lake City Police Dep't.,* 2020 U.S. Dist. LEXIS 82582, at *1, ftn. 1 (D. Utah May 8, 2020) ("Although Plaintiff names Salt Lake City Police Department as a Defendant, the Salt Lake City Police Department is a governmental sub-unit of Salt Lake City Corporation. As such, it is not a separate legal entity capable of being sued or filing suit.").

[25] *Pfundstein v. Home Depot, U.S.A., Inc.,* 2022 U.S. Dist. LEXIS 24986, at *15 (D. Utah Feb. 10, 2022).

[26] *Id.* at *15 (citing, *Hinton v City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir. 1993); *see also Monell,* 436 U.S. at 694 ("[A] local government may not be sued under § 1983 for any injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

For these reasons, Plaintiff fails to state a claim for relief under section 1983.

Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[27]  Accordingly, the court gives Plaintiff an opportunity to amend her complaint.

## CONCLUSION

The court ORDERS as follows:

1.  Plaintiff is ordered to file an amended complaint by **November 21, 2022**. The words "Amended Complaint" should appear in the caption of the document. A failure to do so will result in a recommendation of dismissal to the District Court for the reasons stated above.

2.  The Amended Complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or any other document outside the complaint.[28]

3.  Once filed, the court will screen the Amended Complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

---

[27] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[28] *See Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original); *McKnight v. Douglas Cty. Corr. Facility,* 2021 U.S. Dist. LEXIS 118659, at *7 n. 1 (D. Kan. June 24, 2021) ("An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint.").

    4.        Other than an Amended Complaint, the restriction on filing motions or other documents set forth in the court's October 3, 2022 order,[29] remains in place.

DATED this 7th day of November, 2022.

BY THE COURT:

Dustin B. Pead
United States Magistrate Judge

---

[29] ECF No. 6.