UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **NIKI MOTLAGH,** | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT** |
| **Plaintiff,** | |
| **v.** | |
| | Case No. 2:22-cv-00635 |
| **SALT LAKE CITY CORPORATION,** | District Judge Tena Campbell |
| **Defendant.** | Magistrate Judge Dustin B. Pead |

On November 21, 2022, Plaintiff filed an Amended Complaint raising a claim against Defendant Salt Lake City Corporation, under 42 U.S.C. §1983, for violation of "equal protection. . . involving class-based discrimination, under the Fourteenth Amendment's Due Process Clause."[1]

To state an equal protection claim, Plaintiff must allege that Defendant intentionally treated her differently from other similarly situated individuals.[2] Indeed, the "allegation that a plaintiff was treated differently from those similarly situated is an essential element of an equal protection action. . . . ."[3] Here, Plaintiff's limited facts[4] fail to state a plausible equal protection claim because there is no allegation that Plaintiff "was treated differently than others, or,

---

[1] ECF No. 10 at 3; Amended Complaint.

[2] *Gerald v. Locksley,* 785 F. Supp. 2d 1074, 1133 (D.N.M. May 6, 2011) (citation omitted).

[3] *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1257 (10th Cir. 1998).

[4] Plaintiff only lists three factual statements in support of the equal protection claim.

specifically, others who are similarly situated."[5] However, given Plaintiff's pro se status, the court grants Plaintiff an opportunity to file a second amended complaint.

## <u>CONCLUSION</u>

The court ORDERS as follows:

1.        Plaintiff is ordered to file an amended complaint by **December 28, 2022**.  The words "Second Amended Complaint" should appear in the caption of the document. A failure to timely file a Second Amended Complaint will result in a recommendation of dismissal to the District Court for the reason stated above.

2.        The Second Amended Complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or any other document outside the complaint.[6]

3.        Once filed, the court will screen the Second Amended Complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4.        Other than a Second Amended Complaint, the restriction on filing motions or other documents set forth in the court's October 3, 2022 order,[7] remains in place.

---

[5] *Gerald,* 155 F.3d at 1257.

[6] *See Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original); *McKnight v. Douglas Cty. Corr. Facility,* 2021 U.S. Dist. LEXIS 118659, at *7 n. 1 (D. Kan. June 24, 2021) ("An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint.").

[7] ECF No. 6.

DATED this 13th day of December, 2022.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge