IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **NIKI MOTLAGH,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**SALT LAKE CITY, a government entity, SALT LAKE CITY POLICE, a government entity, and ALEN GIBIC,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:22-cv-00635**<br><br>**District Court Tena Campbell**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

This case is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636(b)(1)(B) referral from District Court Judge Tena Campbell.[1]

Plaintiff Niki Motlagh[2] was granted leave to proceed *in forma pauperis* and filed her initial complaint on October 3, 2022.[3] On November 7, 2022, this court conducted a 28 U.S.C. §1915 review and ordered Motlagh to file an amended complaint addressing deficiencies in her original pleading.[4] Plaintiff filed an amended complaint on November 21, 2022.[5] Thereafter, the court conducted a § 1915 review of Plaintiff's amended pleading and ordered Motlagh to file a

---

[1] ECF No. 8, Assignment and Referral.
[2] Referred to herein as "Plaintiff" or "Motlagh".
[3] ECF No. 6, Order Granting Leave to Proceed *In Forma Pauperis*; ECF No. 7, Complaint.
[4] ECF No. 9, Memorandum Decision and Order to File Amended Complaint (identifying legal deficiencies in Plaintiff's pleading).; *see also* 42 U.S.C. § 1915(e)(2)(B).
[5] ECF No. 10, Amended Complaint.

second amended complaint no later than December 28, 2022.[6] Plaintiff moved for an extension of time, and the court gave Motlagh until January 13, 2023, to submit her second amended pleading.[7]

On January 13, 2023, Motlagh filed her second amended complaint[8] naming Salt Lake City Police Department, Salt Lake City and Officer Alen Gibic as Defendants.[9] Plaintiff's Complaint is the operative pleading and alleges causes of action against Defendants under 42 U.S.C. § 1983.

On April 21, 2023 Defendants moved for dismissal of Plaintiff's Complaint for failure to state a claim.[10] Defendants' Motion is currently pending before the court.

## STATEMENT OF FACTS[11]

1. The facts of this case stem from a domestic dispute between Plaintiff and her ex-husband, Ankit Agrawal.[12]

2. On March 10, 2021, the state court granted Agrawal a Temporary Protective Order[13] against Plaintiff.[14] Pursuant to the TPO, Motlagh was ordered not to return to the apartment she shared with Agrawal.

---

[6] ECF No. 11, Memorandum Decision and Order to File Second Amended Complaint.
[7] ECF No. 12, Plaintiff's Motion for Extension of Time to File Second Amended Complaint; ECF No. 13, Order granting Motion for Extension of Time.
[8] ECF No. 14, Second Amended Complaint. Referred to herein as the "Complaint".
[9] Collectively referred to herein as "Defendants" and individually referred to as "SLC Police Department", "Salt Lake City" and "Officer Gibic".
[10] ECF No. 26, Defendants' Motion to Dismiss. Referred to herein as "Motion". *See* Fed. R. Civ. P. 12(b)(6) (seeking dismissal of case for "failure to state a claim upon which relief may be granted").
[11] The facts set forth herein are taken from Plaintiff's Complaint.
[12] ECF No. 14 at ¶¶ 3-11. Ankit Agrawal is referred to herein as "Agrawal".
[13] Referred to herein as "TPO".

  3.  The March 10, 2021, TPO against Plaintiff was dismissed on March 30, 2021.[15]

  4.  On April 1, 2021, the state court granted Agrawal a second TPO against Plaintiff.[16] The second TPO was dismissed on July 1, 2021.[17]

  5.  On July 9, 2021, the state court granted Motlagh a TPO against Agrawal.[18] The TPO stated that Plaintiff can "use, control, [and] possess" the apartment and a "[l]aw enforcement officer will enforce the order . . . [to] help Motlagh gain and keep control over home . . . ."[19]

  6.  On July 13, 2021, Salt Lake County Sherriff's Officer Sargent Craig Tischner served Agrawal with the TPO and evicted him out of the apartment.[20]

  7.  On July 14, 2021, Motlagh attempted to return to the apartment "but the apartment's lock was changed and the apartment manager alleged that [Plaintiff] had 'abandoned' the property in March.[21] Plaintiff contacted SLC Police Department to help her enforce her TPO and enter the apartment.[22]

  8.  Officer Gibic was dispatched and spoke privately with Plaintiff's apartment manager.[23] Officer Gibic did not help Motlagh enter the apartment and told Plaintiff "[t]his is a civil matter and the Judge didn't have a right to allow you back to the property."[24]

---

[14] *Id.* at 6, ¶ 8.
[15] *Id.*
[16] *Id.* at 6, ¶ 9.
[17] *Id.* at 6, ¶11.
[18] *Id.* at 6, ¶1.
[19] *Id.*
[20] *Id.* at 7, ¶ 2.
[21] *Id.* at 7, ¶ 3.
[22] *Id.* at 7, ¶ 4.
[23] *Id.* at 7, ¶ 5.

9. Motlagh protested, arguing the court's order allowed her access and that Officer Gibic was required to help her enter the apartment.[25] Office Gibic declined to help Plaintiff and left the scene stating, "we're done, [I]'m not going to even do a police report."[26]

10. Agrawal obtained a third TPO against Plaintiff.[27] This TPO allowed Plaintiff "use of the apartment" and indicated that questions surrounding the "possession of the apartment" would be addressed at a separate hearing.[28]

11. On July 19, 2021, Motlagh contacted SLC Police Department to request assistance with entering the apartment to collect her property.[29]

12. In her call to the SLC Police Department, Plaintiff alleged that Officer Gibic was "discriminating against her based on her sex and nationality" and requested a female officer be dispatched to assist her.[30]

13. An unnamed female officer and Office Gibic responded to the apartment and "charged Motlagh with criminal trespass. [Plaintiff] was warned that she would be arrested upon another attempt" to enter the apartment.[31]

14. Motlagh hired an attorney and a court hearing was held.[32] At the hearing "Agarwal's attorney admitted that he contacted SLC [Police Department] and asked them not to allow Motlagh back to the [apartment] unit."[33]

---

[24] *Id.* at 7, ¶ 5.
[25] *Id.* at 7, ¶¶ 6, 8.
[26] *Id.* at 7, ¶ 9.
[27] *Id.* at 8, ¶ 11.
[28] *Id*.
[29] *Id.* at 8, ¶ 12.
[30] *Id.* at 8, ¶ 12.
[31] *Id.* at 8, ¶ 13.
[32] *Id.* at 8, ¶ 14.

15. A mutual protective order was issued on June 29, 2021, and Plaintiff appealed the order.[34]

16. At trial, the court dismissed the protective order against Plaintiff.[35] With respect to the apartment, the court stated, "the court can[']t do anything with regards to your apartment the apartment is in the control of [the] apartment manager from the testimony they have already issued a trespass to you . . . ."[36]

17. Thereafter, Plaintiff sued her apartment complex and was awarded $900.00 in damages for "stand[ing] in the way" of Plaintiff's ability to access her apartment.[37]

## STANDARD OF REVIEW

Pursuant to Federal Rule 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it "appears beyond a doubt that a plaintiff cannot prove any set of facts entitling [plaintiff] to relief."[38] When considering a motion for dismissal, the court assumes "the factual allegations are true" and views the complaint in a light most favorable to the plaintiff.[39]

In reviewing the complaint, a claim must be dismissed if there are insufficient facts to establish that the claim is "plausible on its face."[40] "A claim has facial plausibility when the

---

[33] *Id.* at 8, ¶ 14.

[34] *Id.* at 8, ¶¶15-16.

[35] *Id.* at 9, ¶16.

[36] *Id*.

[37] *Id.* at 10, ¶17.

[38] *Gonzales v. City of Castle Rock,* 366 F.3d 1093, 1096 (10th Cir. 2004), *rev'd* on other grounds, 545 U.S. 748, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005); *see also Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002).

[39] *Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir. 2009) (citation omitted); *Moore v. Guthrie,* 438 F.3d 1036, 1039 (10th Cir. 2006).

[40] *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[41] The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."[42] While a plaintiff is not required to include detailed factual allegations, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it must "raise a right to relief above the speculative level."[43]

When evaluating dismissal the court "need not consider conclusory allegations."[44] "Conclusory allegations are allegations that 'do not allege the factual basis' for the claim."[45] As a result, a court "is not bound by a complaint's legal conclusions, deductions and opinions" that are conclusory and improperly "couched as facts."[46]

A court shall construe a pro se litigant's pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers."[47] Of course, a "broad reading of [a pro se plaintiff's] complaint does not relieve [ ] the burden of alleging sufficient facts on which a recognized legal claim [can] be based."[48] It is not the proper function of the court to "supply

---

[41] *Ashcroft v. Iqbal,* 566 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

[42] *Smith v. Millett,* 2009 U.S. Dist. LEXIS 89642, at *17 (D. Utah Sept. 28, 2009) (*quoting Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

[43] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[44] *Margae Inc. v. Clear Link Techs.*, 620 F.Supp.2d 1284, 1285 (D. Utah 2009) (*citing Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006), cert. denied, 549 U.S. 1209, 127 S. Ct. 1334, 167 L. Ed. 2d 81(2007)); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976).

[45] *Id*. (*citing Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir.1995)).

[46] *Id*. (*citing Twombly*, 550 U.S. at 555 (2007)).

[47] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

[48] *Id.* at 1202 (*quoting Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).

additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a [pro se] plaintiff's behalf."[49] The court may not act as counsel by assuming "the role of advocate for Plaintiff or any other pro se litigant."[50]

## ANALYSIS

Based on the factual allegations provided in the Complaint, Motlagh brings claims against Defendants under 42 U.S.C. § 1983 for violation of her: (1) equal protection; and (2) due process rights.[51] For purposes of deciding Defendants' Motion for dismissal, the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of Motlagh.[52]

### I. Factual Allegations Not Contained In The Complaint Are Not Considered By The Court.

Motlagh's response asserts numerous previously unalleged facts and includes a section entitled "Additional Material Facts."[53] Motlagh's newly alleged facts are not part of the operative Complaint. Further, many of the new facts actually contradict the factual allegations set forth in the operative pleading.[54]

---

[49] *Whitney v. New Mexico,* 113 F.3d 1170, 1173-34 (10th Cir. 1997).

[50] *Shoemaker v. Dawson*, 2012 U.S Dist. LEXIS 85591, at *5 (D. Utah 2012) (*citing Hall,* 935 F.2d at 1110 (10th Cir. 1991)).

[51] Pursuant to Section 1983, "[every] person who acts under color of state law to deprive another of constitutional rights shall be liable in a suit for damages." With any § 1983 claim, "the plaintiff must still prove a violation of [an] underlying constitutional right." *Daniels v. Williams,* 474 U.S. 327, 330, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

[52] *Brooks v. Mentor Worldwide LLC,* 985 F.3d 1272, 1281 (10th Cir. 2021).

[53] ECF No. 27 at 5. Although Defendants move for dismissal pursuant to Rule 12(b)(6), Plaintiff responds to each of Defendants' stated facts in the manner of an opposition to a motion for summary judgment. *See* Fed. R. Civ. P. 56; DUCivR 56-1.

[54] For example, Plaintiff's Complaint alleges that as part of the state court's TPO she was ordered "not to return to the apartment." ECF No. 14 at 6, ¶¶ 8-9. In her response to dismissal, however, Plaintiff denies that she was ordered to not return to the apartment, stating the court ordered her "not to live in the unit

On a motion to dismiss, the "court must not weight potential evidence that the parties might present at trial," but instead must "assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted."[55] Importantly, a plaintiff may not "rectify their pleading deficiencies by asserting new facts in opposition to a motion to dismiss."[56] Here, Plaintiff improperly attempts to assert new facts through her responsive memorandum. Because the new facts are not part of the operative Complaint, the court may not consider Motlagh's new allegations in connection with its review of Defendants' pending motion for dismissal.[57]

## II. SLC Police Department Is Not A Separate Legal Entity.

The court recommends dismissal with prejudice of all claims asserted against the SLC Police Department. Although named as a Defendant, the SLC Police Department is a governmental sub-unit of Salt Lake City Corporation. As a result, it is not a separate legal entity that is capable of being sued or of filing suit and all claims against the SLC Police Department should be dismissed.[58]

---

under the two TPO's, however she was always allowed to enter the apartment's office to pay rent/utilities, and to collect her mail during their business hours." ECF No. 28 at 3, ¶ 3. Additionally, Motlagh states that "the Court also allowed her to collect personal property from the unit, as long as a peacekeeping officer was present." *Id.*

[55] *Checkley v. Allied Prop. & Cas. Ins. Co.,* 635 Fed. Appx. 553, 555-56 (10th Cir. 2016) (quotation marks and citation omitted).

[56] *Smith v. Pizza Hut, Inc.,* 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010) (*citing Perkins v. Silverstein,* 939 F.2d 463, 471) (7th Cir. 1991) ("a complaint may not be amended by briefs in opposition to a motion to dismiss.")).

[57] Indeed, even if the court were to consider the new factual allegations, those allegations do not resolve the legal deficiencies of her Complaint as identified herein.

[58] *See Hansen v. Police Department of Salt Lake City Corp.,* 2017 U.S. Dist. LEXIS 164255, at *6 (D. Utah Sept. 6, 2017) (*citing Martinez v. Winner,* 771 F.3d 424, 444 (10th Cir. 1985) ("The 'City of Denver

### III.  <u>**Plaintiff Fails to State A Plausible Equal Protection Violation**</u>.

As support for her equal protection claim, Plaintiff asserts that Agrawal's attorney asked the SLC Police Department to not allow Plaintiff back into the apartment.[59] Based thereon, Plaintiff contends that Officer Gibic engaged in "class-based discrimination against a woman and individual identified as MENA (Middle Eastern or North African) when he took the word of Agrawal's attorney, a white male, over that of Motlagh, regardless of the fact that Motlagh had two Court Orders allowing her back to the unit."[60]

The equal protection clause is "triggered when the government treats someone differently than another who is similarly situated,"[61] and a violation of the clause must be based on more than mere speculation. Rather, Plaintiff must set forth specific facts that give rise to a presumption that her equal protection claims are plausible. Plaintiff fails to do so and the court is unable to "draw the reasonable inference that the defendant[s are] liable for the misconduct alleged."[62]

Here, Plaintiff offers no allegations regarding to whom Agrawal's attorney directed his request that Plaintiff not be allowed to enter the apartment. In turn, Plaintiff does not allege how Officer Gibic was made aware of such request, if at all. Further, Motlagh does not indicate how she was treated differently than others who were similarly situated or identify any discriminatory

---

Police Department' is not a separate suable entity, and the complaint will be dismissed as to it.")); *Hinton v. Davis,* 362 Fed. Appx. 904, 907 (10th Cir. 2010).

[59] ECF No. 14 at 8, ¶ 14.

[60] *Id.* at 10.

[61] *Lollis v. City of Eufaula,* 249 Fed. Appx. 20, 25-26. (10th Cir. 2007).

[62] *Iqbal,* 556 U.S. at 678.

intent or purpose as a basis therefor.[63] Accordingly, because Plaintiff fails to offer any specific or plausible allegations that Officer Gibic discriminated against her on the basis of sex and ethnicity, or identify any discriminatory intent or purpose, the court cannot reasonably infer liability and recommends dismissal of Plaintiff's equal protection claim.

## IV. Plaintiff Fails To Sufficiently Plead A Due Process Violation.

Motlagh asserts violation of her due process rights based on her wrongful eviction from the apartment and Defendants failure to provide access to mail and personal property located inside the apartment.[64] Plaintiff does not indicate if she is asserting a procedural or substantive due process claim, so the court addresses both.

To prevail on a procedural due process claim, Plaintiff must show a constitutionally protected liberty or property interest along with the absence of "an appropriate level of process."[65] Plaintiff appears to argue eviction from her apartment violated her procedural due process right. Yet, Plaintiff does not allege Defendants evicted her. Instead, Motlagh asserts it was the apartment manager who refused to allow her into the apartment and changed the apartment locks so that she could not enter.[66] Plaintiff further contends the eviction issue was

---

[63] *See Village of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977); *Lewis v. City of Ft. Collins,* 903 F.2d 752, 755 n.1 (10th Cir. 1990) ("purposeful discrimination is an essential element of an equal protection violation."); *see SECSYS, LLC v. Vigil,* 666 F.3d 678, 686 (10th Cir. 2012) (direct proof of discriminatory intent requires the identification of "a distinction between groups of persons . . . on the face of a state law or action."); *Ashaheed v. Currington,* 7 F.4th 1236, 1250 (10th Cir. 2021) (*quoting Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (internal quotations omitted) (circumstantial proof of discriminatory intent requires a showing that the plaintiff "was treated differently from similarly situated persons who are alike in all relevant respects")).
[64] ECF No. 14 at 10; ECF No. 27.
[65] *City of Eufaula,* 249 Fed. Appx. at 23.
[66] ECF No. 14, at 7, ¶ 3.

previously resolved through an action against the apartment complex for which she was ultimately awarded damages.[67] For these reasons, Motlagh fails to state a violation of her procedural due process rights.

In order to state a substantive due process claim Plaintiff must allege, "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States."[68] Motlagh alleges the state court issued an order requiring law enforcement to "help Motlagh gain and keep control over home. . . ." Thus, Plaintiff's substantive due process claim appears to be that Defendants violated her property rights by failing to enforce the protective order and provide her with access to property inside the apartment.[69] Plaintiff's claim, however, fails on several grounds.

First, Plaintiff does not allege that the court ordered Defendants to take any enforcement action with respect the apartment manager. Yet, according to Motlagh's allegations, it is the apartment manager who changed the locks and would not let her enter the apartment.[70] Second, to the extent that Plaintiff alleges Officer Gibic violated a binding court order, the proper avenue for enforcement is through the state court that issued the decision, not a federal § 1983 action.[71] Finally, Motlagh does not have a protected property right in the enforcement of a court order and

---

[67] *Id.* at 9-10, ¶ 17.

[68] *Bangura v. City of Philadelphia,* 2008 U.S. Dist. LEXIS 40613, at *16 (E.D. Penn. May 21, 2008) (*citing Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 930, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)).

[69] ECF No. 14 at 6, ¶ 1.

[70] *Id.* at 7, ¶ 3.

[71] *Moore v. Salt Lake City Corp.,* 2017 U.S. Dist. LEXIS 23972, at *10 (D. Utah Feb. 21, 2017) (arguments regarding the proper interpretation and application of a state issue divorce decree, "should be brought directly to the state courts and not indirectly through a § 1983 action in federal court.").

"[i]t is by no means clear that an individual entitlement to enforcement of a restraining order could constitute a 'property' interest for purposes of the Due Process Clause."[72]

For these reasons, the court recommends dismissal of Motlagh's due process claim.

### V.     Plaintiff Fails To State A Claim For Municipal Liability.

Finally, Motlagh asserts that Officer Gibic's alleged discrimination resulted from Salt Lake City's failure to "ensure proper training[,] supervision[,] cleaning[,] transfer[,] counsel and otherwise control" of Officer Gibic.[73]

A municipality may be liable for "inadequate training, supervision, or hiring when the failure to train, hire or supervise amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact."[74] To state a municipal liability claim, a plaintiff must identify an official municipal policy or custom along with "a causal connection---an affirmative link----between the policy and the deprivation of his constitutional rights."[75]

---

[72] *Town of Castle Rock, Colorado v. Gonzales,* 545 U.S. 748, 766 (2005); *Bond v. Atkinson,* 728 F.3d 690, 691 (7th Cir. 2013) (finding due process claims based on failure to enforce an order of protection were "doomed by decisions such as *Castle Rock* . . . ."); *see also Burella v. City of Philadelphia,* 501 F.3d 134, 141 (3d Cir. 2007) (internal quotation and citation omitted) (plaintiff did "not have a cognizable claim that the officers' failure to enforce the order of protection violated her due process rights"); *Olson v. Cache County,* 2010 WL 3257978, at *6 (D. Utah, Aug. 17, 2010) (denying claim that county's failure to enforce protective order violated plaintiffs' substantive and procedural due process rights); *Adams v. City of Memphis,* 2020 U.S Dist. LEXIS 231324, at *8 fn. 3 (W.D. Tenn. Oct. 23, 2020).
[73] ECF No. 14 at 11.
[74] *Zachary v. City of Newburgh,* 2014 U.S. Dist. LEXIS 57236, at *13 (S.D.N.Y. April 1, 2014) (*citing City of Canton v. Harris,* 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1980)); *see also L.A. County v. Humphries,* 562 U.S. 29, 36, 131 S. Ct. 477, 178 L. Ed. 2d 460 (2010) (*quoting Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed 2d 611 (1978) (A municipality may be liable for the deprivation of constitutional rights "when execution of a government's policy or custom, . . . inflicts the injury")).
[75] *Ellison v. Roosevelt County Bd. of County Comm'rs,* 2016 U.S. Dist. LEXIS 160257, at *7 fn. 3 (Dist.

Motlagh's Complaint fails to state a municipal liability claim against Salt Lake City. Other than the single allegation set forth above, Plaintiff does not identify any specific municipal policy or custom that caused her injuries. Moreover, Motlagh fails to provide any affirmative link between a municipal policy and the deprivation of her constitutional rights.[76] Absent additional supporting facts, Plaintiff's conclusory statement is insufficient to state a claim for municipal liability and the court recommends dismissal.[77]

## RECOMMENDATION

For the reasons discussed above, the court RECOMMENDS that the District Court: GRANT Defendants' Motion to Dismiss.[78]

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections.[79] Failure to object may constitute a waiver of objections upon subsequent review.

---

N.M. Nov. 17, 2016) (*citing Bryson v. city of Okla. City,* 627 F.3d 784, 788 (10th Cir. 2010)).

[76] *LaFua v. L.V. Metro. Police Dep't.,* 2023 U.S. Dist. LEXIS 93564, at * 6 (D. Nev. May 26, 2023) (*citing City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985) ("A plaintiff alleging *Monell* violations must establish an affirmative link between the policy or custom and the constitutional violation alleged.")).

[77] *Iqbal,* 556 U.S. at 679; *Kellum v. Mares,* 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (*citing* Black's Law Dictionary, 10th ed. 2014) (an allegation is conclusory when it refers to "a factual inference without stating the underlying facts on which the inference is based.")).

[78] ECF No. 26.

[79] *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

DATED this 5th day of July, 2023.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court