IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NIKI MOTLAGH,<br><br>                              Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY, a government entity; SALT LAKE CITY POLICE DEPARTMENT, a government entity; and ALEN GIBIC, individually and in his official capacity,<br><br>                              Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION TO DISMISS AND GRANTING MOTION TO APPOINT COUNSEL**<br><br>Case No. 2:22-cv-00635-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

On July 5, 2023, United States Magistrate Judge Dustin B. Pead issued a Report & Recommendation (R&R) (ECF No. 33) recommending that the court dismiss Plaintiff Niki Motlagh's Second Amended Complaint for failure to state a claim. Ms. Motlagh filed objections to that R&R (ECF No. 37), asking in effect that the court grant her leave to file a Third Amended Complaint to include additional facts. The court held a hearing on August 31, 2023, at which Ms. Motlagh made several allegations that went beyond the contentions she raised in the Second Amended Complaint. She has since moved the court to take judicial notice of a claim she submitted to the City of Salt Lake alleging injuries that occurred during an arrest. (See ECF No. 44.)

The court has reviewed the matter and the R&R de novo, as required by 28 U.S.C. § 636(b)(1)(C). While the court agrees with Magistrate Judge Pead that the Second Amended

1

Complaint should be dismissed, the court finds that Ms. Motlagh has raised issues that warrant a closer look. Accordingly, the court will appoint Ms. Motlagh legal counsel for the limited purpose of filing a Third Amended Complaint.

## BACKGROUND

The facts, as alleged in the Second Amended Complaint, are laid out in the R&R. (See ECF No. 33 at 2–5.) In short, Ms. Motlagh was involved in a series of contentious court proceedings with her ex-husband, Ankit Agrawal, that resulted in several temporary protective orders—the first two, issued on March 10, 2021, and April 1, 2021, were against Ms. Motlagh, but the third, issued on July 9, 2021, was against Mr. Agrawal. (Second Am. Compl., ECF No. 14 at 6 ¶¶ 8–9, 1.) Although the terms of the first protective order ordered Ms. Motlagh to leave the apartment she shared with Mr. Agrawal, the court later reversed course in its third protective order and stated that a "[l]aw enforcement officer will enforce the order … [to] help Motlagh gain and keep control over home …." (Id. at 6 ¶ 1.)

On July 13, 2021, Salt Lake County Sheriff's Officer Sergeant Craig Tischner served Mr. Agrawal with the protective order and evicted him from the apartment. (Id. at 7 ¶ 2.) But Ms. Motlagh alleges that the apartment manager changed the lock on the apartment and refused to let her enter the following day. (Id. at 7 ¶ 3.) Officer Alen Gibic arrived at the apartment, spoke to the apartment manager, and then told Ms. Motlagh that the Judge "didn't have a right to allow you back to the property." (Id. at 7 ¶ 5.)

On July 19, 2021, Ms. Motlagh again attempted to access the apartment. (Id. at 8 ¶ 12.) The facts are unclear, but it appears that Officer Gibic and a female officer came to the apartment, charged Ms. Motlagh with criminal trespass (id. at 8 ¶ 13), and—based on Ms. Motlagh's testimony at the hearing—may have arrested her.

Ms. Motlagh eventually sued the apartment complex and was awarded $900 in damages for "stand[ing] in the way" of her ability to access her apartment.  (Id. at 9–10 ¶ 17.)

## ANALYSIS

In her Second Amended Complaint, Ms. Motlagh brings claims against Salt Lake City, the Salt Lake City Police Department, and Officer Gibic under 42 U.S.C. § 1983 for violations of her due process and equal protection rights.  But "Section 1983 does not exist to right every wrong[,]" Woolsey v. Dep't of Corr., No. 91-1119, 1991 WL 144809, at *1 (10th Cir. Aug. 1, 1991), and Ms. Motlagh may not be able to obtain relief in federal court even if the police were unable to help her settle her dispute with her former apartment manager.  The court agrees with Magistrate Judge Pead that, as currently pleaded, Ms. Motlagh's Second Amended Complaint fails to state a claim for relief.

First, the Salt Lake City Police Department is not a separate legal entity, and all claims against this Defendant are therefore dismissed.  (See R&R, ECF No. 33 at 8.)  Second, the Supreme Court has questioned whether a police officer's failure to enforce a protective order can be the basis of a due process claim.  See Town of Castle Rock v. Gonzales, 545 U.S. 748, 766 (2005) (holding that police departments have substantial discretion when enforcing protective orders and that "[i]t is by no means clear that an individual entitlement to enforcement of a restraining order could constitute a 'property' interest for purposes of the Due Process Clause"); (see also R&R, ECF No. 33 at 10–12).  In addition, the court assumes[1] that the restraining order was issued against Mr. Agrawal—whom the police successfully evicted, thereby complying with the terms of the order—and not the apartment manager.  (See R&R, ECF No. 33 at 11.)  Finally,

---

[1] Ms. Motlagh was unable to supply the court with copies of the protective orders at issue in this case.

for the reasons stated in the R&R, the court agrees that Ms. Motlagh has not stated a plausible equal protection violation or a claim for municipal liability. (See id. at 9–10, 12–13.)

Nevertheless, the court is troubled by allegations that Ms. Motlagh made at the hearing, including a claim that an arresting police officer broke her wrist and kept her outside in the cold.[2] Ms. Motlagh also asserted that there was unequal treatment in the issuance and enforcement of protective orders.

Ms. Motlagh previously requested that the court appoint counsel because she was unable to afford an attorney. (See Motion to Appoint Counsel, ECF No. 29.) Magistrate Judge Pead denied her request (see Order, July 17, 2023, ECF No. 35), but the court now revisits that decision given the additional facts that arose at the hearing.

Under 28 U.S.C. § 1915(e), "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is within the sound discretion of the court. See Loftin v. Dalessandri, 3 F. App'x 658, 663–64 (10th Cir. 2001). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted). These factors include "the merits of the litigant's claim, the nature of the factual issues raised in the claims, the litigant's ability to present his [or her] claims, and the complexity of the legal issues raised by the claims." Id. (citation omitted).

---

[2] Ms. Motlagh moves the court to take judicial notice of a claim she filed with Salt Lake City on January 31, 2022, alleging an "[u]nreasonable arrest" and a broken wrist. (See Motion for Judicial Notice, ECF No. 44; Claim, ECF No. 44-1 at 3.) Because Ms. Motlagh raised similar concerns at the hearing and alleges that these claims arose out of the same events as the incidents she describes in her Second Amended Complaint, and because the court will allow Ms. Motlagh to file a new complaint, the court finds it is not necessary to take judicial notice of the claim filed with Salt Lake City at this time and terminates the pending motion as moot.

Given Ms. Motlagh's struggles with English as a second language and the complexity of the legal issues raised—especially due to the interplay between state and federal sovereignty—, the court finds it is appropriate to appoint counsel for the limited purpose of helping Ms. Motlagh file a Third Amended Complaint in this matter and, potentially, a First Amended Complaint in a related case (Case No. 1:23-cv-50) that also arises out of events connected with Mr. Motlagh's separation from Mr. Agrawal.

The court cautions Ms. Motlagh that her appointed counsel may recommend dismissal of one or both actions. Furthermore, Ms. Motlagh will have to proceed pro se—or come to an agreement with her attorney to pay for continued representation—once the complaint or complaints are filed. But the court finds that dismissal with prejudice of this action would be unjust without the aid of an attorney to determine whether the issues Ms. Motlagh has raised are sufficient to state a good faith claim for relief in federal court.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1.  The court ADOPTS Magistrate Judge Pead's Report & Recommendation (ECF No. 33).

2.  The Defendants' Motion to Dismiss (ECF No. 26) is GRANTED.

3.  All claims against Defendant Salt Lake City Police are DISMISSED WITH PREJUDICE.

4.  Ms. Motlagh's claim for violation of her due process rights is DISMISSED WITH PREJUDICE.

5. Ms. Motlagh's claims for violation of her equal protection rights and for municipal liability due to lack of proper training and supervision are DISMISSED WITHOUT PREJUDICE.

6. The court GRANTS Ms. Motlagh leave to file a Third Amended Complaint.

7. The court TERMINATES AS MOOT Ms. Motlagh's Motion for Judicial Notice (ECF No. 44).

8. The court directs the Clerk of Court to attempt to find pro bono counsel who will accept the appointment for the limited purpose of 1) filing a Third Amended Complaint in this action; and 2) filing a First Amended Complaint in Case No. 1:23-cv-50. Further information about allowed expenses, costs, and reimbursements can be found in the court's General Order 22-017 dated September 23, 2022, a copy of which should be provided by the Clerk of Court to counsel after the appointment has been accepted.

9. Counsel shall enter a limited appearance, consistent with DUCivR 83-1.3, in both actions within thirty days of accepting this appointment. Within sixty days after counsel enters an appearance, and no later than April 15, 2024, Ms. Motlagh must file in both actions an amended complaint or dismissal papers.

DATED this 19th day of December, 2023.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge